UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY McCRARY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:06-CV-1511-CEJ |
| ) | |
| JAMES PURKETT, ) | |
| ) | |
| Respondents. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon Jerry McCrary's petition for a writ of habeas corpus and motion to stay this case pending exhaustion of state remedies.

**Background**

Petitioner, an inmate at the Eastern Regional Reception and Diagnostic Center, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. #1]. Petitioner states that on June 18, 1998, he was convicted by a jury of first degree murder and armed criminal action. On July 31, 1998, petitioner was sentenced to life without the possibility of parole on the murder count and to twenty years on the armed criminal action count, with the sentences to run concurrently.

Petitioner filed a notice of appeal on August 24, 1998. His appeal was denied by the Missouri Court of Appeals in August 1999. Petitioner subsequently filed a notion for rehearing and

transfer to the Missouri Supreme Court, which was denied on September 21, 1999.

Petitioner filed a motion for post-conviction relief pursuant to Mo. R. Crim. P. 29.15 in November 1999. After an evidentiary hearing, petitioner's Rule 29.15 motion was denied on February 2, 2005. Petitioner filed a notice of appeal on April 15, 2005. It appears that petitioner's appeal may have been denied on December 20, 2005. Petitioner, however, did not find out that his appeal had been dismissed until April 5, 2006. On May 20, 2006, petitioner filed a "motion to recall the mandate," which was denied.

Petitioner filed a writ of habeas corpus in the St. Francois County Circuit Court in June 2006. The state court denied the petition on July 17, 2006. Petitioner filed an appeal to the denial of his writ of habeas corpus on July 21, 2006. The Missouri Court of Appeals has not yet ruled the appeal.

**Motion for Stay and Abeyance**

Petitioner has filed a motion for stay and abeyance pursuant Rhines v. Weber, 544 U.S. 269 (2005). The stated reasons for filing the motion are that "[p]etitioner is waiting for the [appellate court's] decision . . . [and] petitioner's time limit in which to file his 2254 [petition] in this court will expire before the completion of exhaustion of state remedie [sic] and petitioner

have [sic] yet to present the Writ of Habeas Corpus to the Missouri Supreme Court."

**Discussion**

The AEDPA requires that a state prisoner who files a § 2254 petition must have exhausted available state court remedies with respect to every claim raised in the federal petition, i.e., on direct appeal and state habeas corpus review. 28 U.S.C. § 2254(b)(1). Filing a federal petition with both exhausted claims and unexhausted claims (called a "mixed petition") ordinarily will result in dismissal of the entire petition without prejudice, unless the petitioner chooses to delete the unexhausted claims from the petition or unless the federal court proceeds to deny the unexhausted claims on the merits. Rose v. Lundy, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b)(2). The Supreme Court has held, however, that federal district courts have limited discretion to hold mixed petitions in abeyance in order to permit a habeas corpus petitioner to return to state court to complete exhaustion of all his claims. Rhines v. Weber, 544 U.S. 269 (2005).

The instant petition does not fall under the limited exception to exhaustion in Rhines because it is not a mixed petition. That is, plaintiff has not exhausted *any* of the claims in his petition because the Missouri Court of Appeals has not yet ruled his appeal to the denial of his state court writ of habeas corpus. As a result, the Court will dismiss the petition without

prejudice for failure to exhaust available state court remedies. 28 U.S.C. § 2254(b)(1).

The Court notes that the one-year period of limitation pursuant to 28 U.S.C. § 2244(d)(1) is not running so long as plaintiff's writ of habeas corpus is properly before the Missouri courts. 28 U.S.C. § 2244(d)(2).

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondents because petitioner has failed to exhaust his available state remedies.

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion to stay [Doc. #3] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis [#2] is **DENIED** as moot.

An appropriate order shall accompany this memorandum and order.

Dated this 29th day of November, 2006.

_____
**UNITED STATES DISTRICT JUDGE**